UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVON LOVOWE RAMSEY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No.  20-cv-1359 CKD P<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

/////

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3  The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint if the prisoner has raised claims that fail to state a claim upon
6  which relief may be granted.  28 U.S.C. § 1915A(b)(1),(2).  When considering whether a
7  complaint states a claim upon which relief can be granted, the court must accept the allegations in
8  the complaint as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint
9  in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

10  Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be
11  brought with respect to prison conditions under section 1983 of this title, . . . until such
12  administrative remedies as are available are exhausted."  When it is "clear from the face of the
13  complaint" that plaintiff has failed to exhaust available administrative remedies, dismissal of the
14  complaint for failure to state a claim upon which relief can be granted is warranted.  Albino v.
15  Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

16  In his complaint, plaintiff admits that there were administrative remedies available to him
17  when this action was filed and that he never pursued administrative remedies with respect to his
18  two claims.  Plaintiff at least suggests this is because monetary relief is not available through the
19  California Department of Corrections and Rehabilitation inmate grievance process.  However, in
20  Booth v. Churner, 532 U.S. 731, 740-41 (2001), the Supreme Court held that the inability to
21  obtain a specific form of relief, such as monetary relief, via an inmate grievance does not excuse
22  exhaustion of the process.   The exhaustion requirement generally applies to all suits relating to
23  prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief sought by the
24  prisoner and offered by the process, Booth, 532 U.S. at 741.

25  Because it is clear from plaintiff's complaint that he has failed to exhaust available
26  administrative remedies with respect to the claims presented in his complaint, his complaint must
27  be dismissed, and this case must be closed.
28  /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. The Clerk of the Court is directed to assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed for failure to exhaust available administrative remedies; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 20, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rams1359.fte

3